United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Norris Hemingway, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-62290-Civ-Scola |
| ) | |
| GA Construction Group, LLC, and ) | |
| others, Defendants. ) | |

### **Order Granting Motion for Entry of Default Judgment**

This matter is before the Court on the Plaintiff's motion for final judgment (ECF No. 25). Having considered the motion and accompanying exhibits, the record, and the relevant legal authorities, the Court **grants** the motion (**ECF No. 25**).

The Clerk has entered defaults against the Defendants (ECF Nos. 14, 21.) A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

The Complaint asserts one count against the Defendants for failure to pay minimum wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Compl., ECF No. 1.) To establish a minimum wage claim, a plaintiff must show that: 1) he was employed during the time period involved; 2) he was engaged in commerce or the production of goods for commerce, or was employed by an enterprise engaged in commerce or the production of goods for commerce; and 3) that the employer failed to pay the minimum wage required by law. *Payne v. Security & Crime Prevention Serv', Inc.*, No. 12-22032, 2013 WL 5446466, at *2 (S.D. Fla. Sept. 30, 2013) (Seitz, J.) (citations omitted). To establish an overtime claim, the Plaintiff must show that: 1) he was employed during the time period involved; 2) he is "covered" by the FLSA; 3) he worked more than forty hours per week; and 4) the Defendants did not pay him all of his overtime wages.

*Kasby v. Upper Deck Bar & Grill, LLC*, 2013 WL 6050747, at *3 (M.D. Fla. Nov. 15, 2013) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008)). Based on the allegations in the Complaint, deemed admitted, and the Plaintiff's affidavit, these elements are met.

The Plaintiff claims $10,167.11 in unpaid minimum wages, $20,616.99 in unpaid overtime wages, and $35,347.14 in liquidated damages. (Affidavit ¶ 5, ECF No. 25-1.) In the Eleventh Circuit, a prevailing plaintiff under 29 U.S.C. §§ 206 or 207 "is entitled to a mandatory award of liquidated damages unless the district court explicitly finds that the defendant acted in good faith in violating" the FLSA. *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1344 (M.D. Fla. 1999) (citations omitted). Therefore, where a defendant defaults, courts typically award plaintiffs liquidated damages based solely on affidavits setting forth the actual damages. *See, e.g., Brown v. Everest Moving & Storage, Inc.*, No. 12-62530, 2013 WL 12126001, at *3 (S.D. Fla. Aug. 20, 2013) (Rosenbaum, J.) (awarding liquidated damages based solely on the plaintiff's affidavit setting forth actual damages since an employer bears the burden of demonstrating that liquidated damages are not warranted in FLSA cases); *Vician v. Roberts*, No. 8:13-cv-1871, 2015 WL 501015 (M.D. Fla. Feb. 5, 2015) (awarding liquidated damages in order on default judgment based solely on plaintiffs' declarations setting forth actual damages); *Poole v. Strahlen Integration, Inc.*, No. 3:08-cv-0142-, 2010 WL 11506544 (N.D. Ga. Jan. 4, 2010) (same).

In addition, the Plaintiff claims $4,163.00 in attorneys' fees and costs. The FLSA provides that, in addition to any judgment awarded to a plaintiff, a court shall allow a reasonable attorneys' fee and costs to be paid by the defendant. 29 U.S.C. § 216(b). The Plaintiff's counsel has submitted a billing statement that sets forth a description of the work provided, the time spent on each task, and the fees charged. (Billing Statement, ECF No. 25-2.)

Accordingly, the Court **enters judgment** in favor of the Plaintiff and against Defendants GA Construction Group, LLC, The GA Group Ltd. Co., and Joseph S. Cooper, jointly and severally, in the amount of $70,294.24, which represents $10,167.11 in unpaid minimum wages, $20,616.99 in unpaid overtime wages, $35,347.14 in liquidated damages, and $4,163.00 in attorneys' fees and costs, for which sum let execution issue. Interest upon this judgment amount will accrue at the applicable legal rate. The Clerk shall **close** this case, and any pending motions are **denied** as moot.

**Done and ordered** in chambers, at Miami, Florida, on August ( , 2017.

_____
Robert N. Scola, Jr.
United States District Judge